In the Matter of the Application of ALBERT A. ARDITTI, Petitioner, against HAROLD JACOBSON, as City Clerk of the City of Long Beach, et al., Respondents.*

Supreme Court, Special Term, Nassau County, September 28, 1943.

* See *Matter of Steinberg* v. *Meisser*, 266 App. Div. 978, affd. with memorandum 291 N. Y. 685.— [REP.

*David Cohen* for petitioner.

*Bernard H. Reich, Corporation Counsel,* for respondents.

Cuff, J. This is an application to require the City Clerk and the Corporation Counsel of the City of Long Beach in the county of Nassau to take the action prescribed in sections 18 and 19-a of the City Home Rule Law so that a proposed local law will be submitted to the voters at the coming election. The Corporation Counsel and City Clerk have declined to give consideration to the proposed law because in their judgment it is improper in form. Specifically, they contend that the proposed local law seeks to set up a new charter for the city whereas the proponents of the movement have proceeded upon the theory that their proposal is an amendment to the city charter.

A new charter is provided for in section 20 of the City Home Rule Law. Procedure under that section is wholly different from procedure under section 19-a, which authorizes amendment by petition to a city charter.

The proponents of the local law maintain that theirs is an amendment and not " a new charter."

A question presented is whether the City Clerk has any discretion in the premises.

A petition containing the proposed changes in the city government was signed by voters numbering at least ten per cent of the total number of votes cast for Governor in the city of Long Beach at the last gubernatorial election and filed with the City Clerk on July 1, 1943. Under section 19-a, the City Council could either (a) enact that proposed local law, (b) prepare it for submission to the voters at the ensuing election, or (c) ignore it.

The same section prescribes that if no action is taken by the City Council " an additional petition [may be] filed with the clerk of the city * * * signed * * * [by qualified electors equal in number to] five per centum of the total number of votes cast for governor at the last gubernatorial election " in the city. The signers must be voters who did not sign the original petition.

No action was taken by the City Council with respect to the original petition. The additional petition was filed September

2, 1943. There is no question raised by the Corporation Counsel or City Clerk as to time of filing, number of signatures, genuineness thereof or the regularity of either petition except that it is contended that the petitions do not amend but instead prescribe a new charter for the city.

With respect to the original petition (ten per cent of the voters) section 19-a provides: " Such petition shall conform to the provisions of section sixteen [City Home Rule Law] in relation to petitions, it shall be examined and reported on by the city clerk as prescribed therein, * * *. The city clerk shall transmit such proposed local law forthwith to the legislative body of the city." The city clerk therefore is clothed with authority to examine and report concerning the original petition. But with respect to the additional petition, the statute makes no similar provision. Whereas the original petition is transmitted to the local legislature by the city clerk for consideration, the additional petition goes over their heads, so to speak, and upon filing " may require the submission (to the voters) of the local law at the next general election * * * " (§ 19-a). Contrary to authorizing the city clerk to examine the petition and report to the city council as the statute does with regard to the original petition, there appears a single directive: " When so required the city clerk shall transmit such proposed local law (the additional petition) in the form in which it is to be submitted to the election officers charged with the duty of publishing the notice of such election." That means that the city clerk with the aid of the corporation counsel, shall prepare an abstract of the proposed local law concisely stating the title, purpose and effect thereof and forward same to the Board of Elections of the county. (See City Home Rule Law, § 18.)

The statute when treating with the additional petition gives the city clerk no discretion in the matter. It is not for him to challenge the validity of the additional petition. His duties upon receiving it are strictly ministerial.

This decision deals with the duty of the City Clerk. The court is not passing upon the merits of the additional petition itself. Counsel for petitioner stated at the argument that he sought no test of the validity of the proposed local law. He argued that the merits could be litigated after the City Clerk had forwarded his abstract of the proposed local law to the election officials. This application is granted.